ROBYN L. PHILLIPS, (BAR #A7425); Email: rphillips@wnlaw.com
CHAD E. NYDEGGER, (BAR #9964); Email:  cnydegger@wnlaw.com
WORKMAN │ NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorneys for Del Sol, L.C.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEL SOL, L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHIPPING & TRANSIT LLC, a Florida limited liability company,<br><br>Defendant. | Civil Action No. 2:16-cv-00118-DBP<br><br>**COMPLAINT**<br><br>Magistrate Judge Dustin B. Pead<br><br>**Demand for Jury Trial** |

Plaintiff, Del Sol, L.C. ("Del Sol"), for its Complaint alleges against Defendant, Shipping & Transit LLC ("S&T") as follows:

**THE  PARTIES**

1.      Del Sol is a Utah limited liability company with a principle place of business at 280 West 10200 South, Sandy, Utah 84070.

2.      On information and belief, S&T is a limited liability company with a principle place of business at 711 SW 24th, Boyton Beach, Florida 33435.

1

## NATURE OF THE ACTION

3.        This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  S&T has raised a reasonable apprehension of the filing of a lawsuit against Del Sol, resulting in the establishment of a case or controversy between the parties relating to a United States patent as set forth below.  Accordingly, this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 283-85.

4.        This is also an action for a related claim for violation of the Distribution of Bad Faith Patent Infringement Letters Act, Utah Code Ann. § 78B-6-1901 *et seq.*

## JURISDICTION AND VENUE

5.        This Court has original jurisdiction over the declaratory judgment claim pursuant to at least 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This Court has supplemental jurisdiction over the Distribution of Bad Faith Patent Infringement Letters Act claim because it arises out of the same acts that give rise to the declaratory judgment claim.

6.        On information and belief, S&T's sole business operations consist of using actual or threatened patent litigation to coerce businesses to license its patent portfolio.  On information and belief, S&T provides no other product or service.  S&T sent a letter (the "Demand Letter") dated January 11, 2016 to Del Sol in Utah alleging that Del Sol infringes the claims of at least one claim in each of U.S. Patent Nos. 6,415,207 (the "'207 patent"), 6,904,359 (the "'359 patent"), 6,763,299 (the "'299 patent") and 7,400,970 (the "'970 patent") (collectively the "Asserted Patents").  The '359, '299, and '970 patents each expired in 2013.  The Demand Letter demands that Del Sol license the '207 patent and pay "for past usage" of the '359, '299 and '970 patents.  A true and correct copy of the Demand Letter is provided as Exhibit A, which includes

a copy of each of the Asserted Patents.  S&T's sending the Demand Letter to Del Sol in Utah constitutes a business tort in Utah because the Demand Letter violates the Distribution of Bad Faith Patent Infringement Letters Act.

7.      On information and belief, S&T also has purposely availed itself of the privileges and benefits of the laws of the State of Utah and otherwise conducted business in Utah, including at least licensing its patent portfolio to companies residing in Utah.  On information and belief, S&T's patent licensing and business activities in the State of Utah constitute continuous and systematic contacts with Utah.   S&T is therefore subject to specific and general personal jurisdiction in this Court pursuant to Utah Code Ann. § 78-27-24.

8.      Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b).

## BACKGROUND

9.      Del Sol, a Utah-based company, markets and sells unique color-changing apparel and accessories that change colors when placed in sunlight.  Del Sol markets and sells its products in over one hundred stores spread across twenty-five countries, and online through its website www.delsol.com.

10.     On information and belief, S&T does not offer any product or service.   On information and belief, S&T owns a patent portfolio but does not manufacture, market, or sell any products or services covered by its patents, making it a "non-practicing entity," more commonly known as a "patent troll."

11.     On information and belief, S&T owns the rights to enforce the Asserted Patents. Each of the Asserted Patents is directed to systems for tracking vehicles as they move along a delivery route.  Although Del Sol does not have delivery vehicles to deliver order to customers

and does not track the location of any vehicles, S&T's business model is to use the threat of expensive patent infringement litigation to coerce businesses to purchase licenses for the Asserted Patents at cost that is far less than the cost to defend against even frivolous patent infringement claims. On information and belief, S&T has filed nearly one hundred patent infringement lawsuits. On information and belief virtually every one of these lawsuits has been dismissed in the early stages of litigation, and no defendant has ever been found to have actually infringed any valid claim asserted by S&T. On information and belief, S&T has licensed the Asserted Patents to dozens of companies as result of its patent trolling activities.

12. On information and belief, S&T is related to another patent troll operating as Eclipse IP LLC ("Eclipse").

13. On information and belief, both S&T and Eclipse are owned and operated by the same individuals, including at least Edward Turnbull and Peter A. Sirianni, III. Eclipse also owns the rights to assert various patents that pertain to an automated notification system for tracking vehicles as they move along a delivery route, which is the same technology that is the subject of the Asserted Patents. The patents owned by Eclipse were prosecuted by the same attorney that prosecuted the Asserted Patents.

14. Eclipse has also filed over one hundred patent infringement lawsuits asserting infringement of its patents. While a number of claims asserted by Eclipse have been found invalid for claiming unpatentable subject matter, on information and belief no case filed by Eclipse has resulted in a finding of infringement, virtually all of the cases being dismissed very early on.

15.     On February 20, 2015, Eclipse sent a demand letter to the Cariloha, LLC, a sister company of Del Sol, making frivolous patent infringement claims and demanding that Cariloha take a blanket license to Eclipse's patent portfolio for $45,000 or be sued for infringing at least U.S. Patent No. 7,479,899 (the "'899 patent"), which also pertains to tracking the location of a deliver vehicle.  Cariloha filed a lawsuit against Eclipse seeking damages for violation of the Distribution of Bad Faith Patent Infringement Letters Act, Utah Code Ann. § 78B-6-1901 *et seq.*, and for a declaration no infringement and invalidity of the '899 patent.

16.     Cariloha and Eclipse resolved the dispute between them by entering into a confidential Settlement Agreement that prohibits either party from using or disclosing the contents of the Settlement Agreement or negotiations leading to the settlement.

17.     At no time did Eclipse disclose that its owners/managers also owned/operated S&T that was also trolling patents covering the substantially same technology as Eclipse.

18.     Just six months after Cariloha and its related entities, which includes Del Sol, settled with Eclipse, S&T sent the Demand Letter to Del Sol, demanding that Del Sol take a license to the Asserted Patents for $25,000.  The system identified in the Demand Letter as infringing the Asserted Patents is the exact same system Eclipse frivolously accused of infringing its patents.

19.     Although in a footnote the Demand Letter purports to "mak[e] every effort to comply with Utah's Patent Abuse Prevention Act[,]" the Demand Letter was not sent in good faith and violates the Distribution of Bad Faith Patent Infringement Letters Act.

20.    First, the infringement allegations set forth in the Demand Letter are frivolous. Each of patent claims identified in the Demand Letter as allegedly infringed by Del Sol concerns the tracking of a "vehicle."   While the Demand Letter contains claim charts purportedly identifying how the claims are infringed, each of the claim charts included in the Demand Letter ignores this critical "vehicle" claim element and fails to identify any "vehicle" tracked by Del Sol.  The absence of an identified "vehicle" is unsurprising because Del Sol does not track any vehicles.

21.    Second, the Demand Letter does not include critical information needed to comply with the Distribution of Bad Faith Patent Infringement Letters Act, including at least (i) the name and address of all persons and entities holding a controlling interest in the current owners of the Asserted Patents or the entity having the right to enforce, (ii) the address of the current patent owner or owners and any other person or entity having the right to enforce or license the patent, and (iii) each judicial or administrative pleading where the validity of the Asserted Patents is under challenge.

22.    Third, the Demand Letter states, "If any additional information is required [to comply with the Distribution of Bad Faith Patent Infringement Letters Act] please let us know in writing."   Counsel for Del Sol sent just such a letter to counsel for S&T on February 2, 2016 requesting the additional information identified in the Distribution of Bad Faith Patent Infringement Letters Act that was absent from the Demand Letter.  A copy of this February 2, 2016 letter is attached hereto as Exhibit B.   S&T has failed to respond or to provide the information requested in the February 2, 2016 letter.

23.     Fourth, the Asserted Patents are invalid for claiming unpatentable subject matter. On June 19, 2014, the Supreme Court issued *Alice Corp. Pty. v. CLS Bank International et al.*, 134 S. Ct. 2347 (2014) addressing the issue of patentable subject matter for software and method patents under 35 U.S.C § 101.

24.     In view of the Supreme Court's holding in *Alice*, the Central District of California found that the claims in three patents owned by Eclipse that were each directed toward technology and methods related to tracking items (such as delivery trucks) and providing notifications to the personal communication devices of persons interested in the tracking information (such as the shipping company or addressee of a delivery) to be invalid for claiming unpatentable subject matter under 35 U.S.C. § 101.  A true and correct copy of the Central District of California's ruling invalidating patent claims on similar technology is provided as Exhibit C.

25.     Each asserted claim of the Asserted Patents is directed to technology similar to that found to be unpatentable subject matter by the Central District of California.  Each asserted claim of the Asserted Patents is likewise invalid for claiming unpatentable subject matter under 35 U.S.C. § 101 as interpreted by the Supreme Court in *Alice*.

## CLAIM  ONE

**(Violation of the Distribution of Bad Faith Patent Infringement Letters Act,
Utah Code Ann. § 78B-6-1901 *et seq.*)**

26.     Del Sol hereby incorporates the allegations of the preceding paragraphs of this Complaint as though fully set forth in this claim.

27.     S&T's Demand Letter was sent in a bad faith effort to use the threat of expensive patent litigation to coerce Del Sol into taking a license for S&T's patent portfolio despite the

invalidity of the claims of the Asserted Patents and the lack of infringement of those patents by Del Sol.

28.     That the Demand Letter was sent in bad faith is evidenced by the fact that the Demand Letter does not contain at least (i) the name and address of all persons and entities holding a controlling interest in the current owners of the Asserted Patents or the entity having the right to enforce, (ii) the address of the current patent owner or owners and any other person or entity having the right to enforce or license the patent, and (iii) each judicial or administrative pleading where the validity of the Asserted Patents is under challenge, and S&T has refused to provide this information despite Del Sol's request that this information be supplied.

29.     That the Demand Letter was sent in bad faith is evidenced by the fact that the Demand Letter does not identify the "vehicle" in the accused system, which "vehicle" is required by each asserted claim.  To the contrary, the Demand Letter glosses over this claim element despite each claim being centered on tracking the "vehicle."

30.     On information and belief, S&T has already separately licensed the Asserted Patents to shipping companies such as Federal Express and others.

31.     Whereas Del Sol ships all products ordered by customers online using shipping companies, Del Sol has no travel data for a "vehicle" that picks up or delivers packages to its customers as required by the claims of the Asserted Patents.  Thus, S&T has no reasonable basis to support its allegation of patent infringement of the claims of the Asserted Patents.

32.     That the Demand Letter was sent in bad faith is evidenced by the fact the blanket licensing fee demanded in the Demand Letter has no relation to the number of patents allegedly being used by Del Sol, or to the extent of Del Sol's alleged use of S&T's patented technology.

33.     That the Demand Letter was sent in bad faith is evidenced by the fact that the Demand Letter expressly raises S&T's prior litigation and licensing activities to intimidate Del Sol into taking a blanket license.

34.     That the Demand Letter was sent in bad faith is evidenced by S&T's knowledge that the Asserted Patents are invalid under 35 U.S.C. § 101 in view of the Supreme Court's decision in *Alice,* the invalidity of the claims of the related Eclipse patents, and the insubstantial difference between those invalid claims and the claims of the Asserted Patents.

35.      S&T's violation of the Distribution of Bad Faith Patent Infringement Act set forth herein entitles Del Sol to recover its actual damages, its costs and attorneys' fees incurred in connection with this Action, and punitive damages in the amount of three times its total actual damages, costs and attorneys' fees, or $50,000, whichever is greater.  Del Sol is also entitled to equitable relief.

## CLAIM  TWO

### (Declaratory Judgment of Patent Invalidity)

36.     Del Sol hereby incorporates the allegations of the preceding paragraphs of this Complaint as though fully set forth in this claim.

37.     As a result of S&T's sending the Demand Letter, its history of filing claims for patent infringement, and the other facts set forth herein, there is an actual and substantial case or controversy between Del Sol and S&T of sufficient immediacy and reality to warrant the issuance of a declaratory judgment on the invalidity of the claims of the Asserted Patents.

38.     Each of the claims of the Asserted Patents S&T alleges is infringed by Del Sol is invalid under 35 U.S.C. § 101 because it is directed to unpatentable abstract ideas.

39.     Each of the claims of the Asserted Patents S&T alleges is infringed by Del Sol is invalid under 35 U.S.C. § 112 because it is indefinite, not enabled, or lacks sufficient written description.

40.     By reason of the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Del Sol requests a declaration from this Court invalidating each of the claims of the Asserted Patents S&T alleges is infringed by Del Sol under 35 U.S.C §§ 101 and 112.

### CLAIM  THREE

**(Declaratory Judgment of No Patent Infringement)**

41.     Del Sol hereby incorporates the allegations of the preceding paragraphs of this Complaint as though fully set forth in this claim.

42.     As a result of S&T's sending the Demand Letter, its history of filing claims for patent infringement, and the other facts set forth herein, there is an actual and substantial case or controversy between Del Sol and S&T of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Del Sol does not infringe any valid claim of the Asserted Patents.

43.     Del Sol does not infringe, and has not infringed, any valid claim of the Asserted Patents either directly or indirectly, literally or under the doctrine of equivalents.

44.     By reason of the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Del Sol requests a declaration from this Court that Del Sol does not infringe any valid claim of the Asserted Patents.

**PRAYER FOR RELIEF**

WHEREFORE, Del Sol prays for entry of a final order and judgment against S&T that:

1.    S&T is liable for the bad faith dissemination of a letter of patent infringement under Utah Code Ann. § 78B-6-1901 *et seq.*;

2.    The claims of the Asserted Patents are invalid;

3.    Del Sol does not infringe any valid claim of the Asserted Patents;

4.    S&T pay to Del Sol its actual damages, costs and attorney fees pursuant to Utah Code Ann. § 78B-6-1904(1);

5.    Pursuant to § 78B-6-1904(1)(a), S&T prepare and provide to Del Sol non-confidential documents that (a) identify each patent owned by or licensed to S&T; (b) provide the information identified in Utah Code Ann. § 78B-6-1903(2)(a)(ii), (iii) and (vi); and (c) provide the terms of each license of any patent licensed by S&T, including the name of the licensee, the patent(s) licensed, and the amount each such licensee paid or pays for such license;

6.    S&T pay to Del Sol punitive damages in the amount of three times Del Sol's damages, costs, and attorneys' fees, or $50,000, whichever is greater, pursuant to Utah Code Ann. § 78B-6-1904(1);

7.    S&T pay to Del Sol its costs of suit, and pre- and post-judgment interest on any money judgment;

8.    Declares this to be an exceptional case pursuant to 35 U.S.C. § 285, and awards Del Sol its reasonable attorneys' fees;

9.      Grants Del Sol such other and further relief as the Court may deem just and

proper under the circumstances.

## **DEMAND  FOR  JURY  TRIAL**

Del Sol demands that all issues of fact in the Complaint be tried by jury.

DATED this 11th day of February, 2016.

WORKMAN NYDEGGER

By   /s/*Chad E. Nydegger*
        ROBYN L. PHILLIPS
        CHAD E. NYDEGGER

Attorneys for Del Sol, L.C.